*E-Filed 12/23/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN, | No. C 15-3419 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| SALINAS VALLEY WARDEN, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 against the librarian and correctional officers at Salinas Valley State Prison. Upon review of his allegations under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff fails to state a claim for relief. The complaint is DISMISSED with leave to file an amended complaint on or before February 1, 2016.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

**United States District Court**
For the Northern District of California

§ 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:     (1) that a right secured by the Constitution or laws of the United States was violated, and     (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) S. Tomlinson, a prison library staff member, prevents him from using the law library, thereby hindering his access to the courts; and (2) prison guards J. Marquez, M. Barroso, J. Hopark, J. Huff, and Johnson filed a false disciplinary report and have refused to answer his questions regarding that and other events.  His claim against Tomlinson is DISMISSED with leave to amend because plaintiff's allegations fail to show an actual injury.  Mere denial of access to the courts is not sufficient to state a claim.  A plaintiff must demonstrate that the denial caused him an actual injury by hindering his efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996).  Here, plaintiff fails to detail what his lawsuit was about, or specify exactly how Tomlinson prevented him from using the library, or how Tomlinson's actions <u>directly</u> and <u>specifically</u> hindered his prosecution of his suit.  Without such information, the Court cannot determine whether the deprivation caused him an actual injury by hindering him from pursuing a

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  nonfrivolous legal claim.  He must provide specific facts, such as what actions Tomlinson

2  took, on what dates, what materials were denied, specific details about what suit he was

3  pursuing, etc.

4         His claims against the prison guards are DISMISSED (without prejudice) because

5  they are unrelated to his claims against Tomlinson.  *See* Fed. R. Civ. P. 20.  He may not raise

6  them in his amended complaint in this action.  If plaintiff wishes to seek relief on these

7  claims, he must file a separate civil rights action.

8                              **CONCLUSION**

9         Accordingly, the complaint is DISMISSED with leave to file an amended complaint

10  on or before February 1, 2016.  The amended complaint must include the caption and civil

11  case number used in this order (15-3419 RS (PR)) and the words FIRST AMENDED

12  COMPLAINT on the first page.  Because an amended complaint completely replaces the

13  previous complaints, plaintiff must include in his amended complaint all the claims he wishes

14  to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258,

15  1262 (9th Cir. 1992).  Any claims not raised in the amended complaint will be deemed

16  waived.  Plaintiff may not incorporate material from the prior complaint by reference.

17  Failure to file an amended complaint in accordance with this order will result in dismissal of

18  this action without further notice to plaintiff.

19         It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

20  informed of any change of address by filing a separate paper with the clerk headed "Notice of

21  Change of Address."  He must comply with the Court's orders in a timely fashion or ask for

22  an extension of time to do so.  Failure to comply may result in the dismissal of this

23  action pursuant to Federal Rule of Civil Procedure 41(b).

24         **IT IS SO ORDERED**.

25  DATED:  December 23, 2015

26                              RICHARD SEEBORG
                               United States District Judge

27

28