1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VINCENT PRICE MCCOWAN,

          Plaintiff,

   v.

SALINAS VALLEY WARDEN, et al.,

          Defendants.

_____/

No. C 15-3419 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

     Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 against the librarian and correctional officers at Salinas Valley State Prison. The original complaint was dismissed with leave to amend.  Plaintiff's amended complaint fails to correct the deficiencies of the first and is DISMISSED.

## DISCUSSION

**A.**    **Standard of Review**

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

*See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

**1.   Original Complaint**

In the original complaint, plaintiff alleged that (1) S. Tomlinson, a Salinas Valley prison librarian, prevented him from using the law library, thereby violating his First Amendment right to access the courts; and (2) prison guards J. Marquez, M. Barroso, J. Hopark, J. Huff, and Johnson filed a false disciplinary report and have refused to answer his questions regarding that and other events.  Claim 2 was dismissed without prejudice because it was unrelated to the first.

United States District Court
For the Northern District of California

1    Claim 1 was dismissed with leave to amend because his allegations failed to show an

2 actual injury.  Mere denial of access to the courts is not sufficient to state a claim.  A plaintiff

3 must demonstrate that the denial caused him an actual injury by hindering his efforts to

4 pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996).

5 Plaintiff failed to detail what his lawsuit was about, or specify exactly how Tomlinson

6 prevented him from using the library, or how Tomlinson's actions <u>directly</u> and <u>specifically</u>

7 hindered his prosecution of his suit.

8    **2.    First Amended Complaint**

9    Plaintiff's amended complaint fails to correct the deficiencies of the original and adds

10 a claim that Tomlinson's actions were racially discriminatory.  While he has identified a suit

11 he has filed (a state court action regarding prison conditions), he has not shown how

12 Tomlinson's acts prevented him from adequately prosecuting it.  He alleges that (1) in 2013,

13 plaintiff made a request (for unspecified materials) on August 1 but Tomlinson did not

14 respond until August 2; and (2) in 2015 he made three requests (for unspecified materials)

15 which she ignored or was tardy in fulfilling.  This is insufficient to show an actual injury.  He

16 does not specify what materials he requested and why deprivation of them prevented him

17 from litigating his state court action.  Such allegations fail to show "more than a sheer

18 possibility that [ ] defendants ha[ve] acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Accordingly,

19 plaintiff's claim that Tomlinson violated his First Amendment right to access the courts is

20 DISMISSED.

21    His allegations that Tomlinson's actions were racially discriminatory lack any detail

22 and therefore are wholly conclusory.  "[F]ormulaic recitation of the elements of a cause of

23 action will not do."  *Twombly*, 550 U.S. at 555.  "The Equal Protection Clause of the

24 Fourteenth Amendment commands that no State shall 'deny to any person within its

25 jurisdiction the equal protection of the laws,' which is essentially a direction that all persons

26 similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center*, 473

27

28                                                                    No. C 15-3419 RS (PR)
                                                                     ORDER OF DISMISSAL

U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.  *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  Plaintiff's allegations do not meet these standards and are DISMISSED.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice.   Plaintiff may move to reopen the action.  Any motion to reopen, however, must be accompanied by an amended complaint that contains allegations which meet the legal standards discussed in this order. The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED**.

DATED:  May 3, 2016

RICHARD SEEBORG
United States District Judge

**United States District Court**
For the Northern District of California